IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SALAME M. AMR,

      Plaintiff/Appellant,

v.                            Civil Action No. 3:07cv628

VIRGINIA STATE UNIVERSITY, et al.,

      Defendants/Appellees.

### MEMORANDUM OPINION

This matter is before the Court on the Plaintiff's "Motion to Update and Set the Record Straight" (Docket No. 62). For the reasons set forth below, the Motion to Update and Set the Record Straight will be denied.

### BACKGROUND

Salame M. Amr ("Amr") is a Jordanian male and legal resident of the United States. Amr was employed by Virginia State University ("VSU") from August 19, 2002 through May 12, 2008, when his employment contract ended. In 2002, Amr was hired as an Assistant Professor in the School of Engineering Science and Technology. Amr's actions before this Court concern his failure to be promoted to the rank of Associate Professor due to his

1

alleged plagiarism of a paper submitted to an engineering society in January 2005, and his subsequent unsuccessful attempt to be granted tenure at VSU.

In February 2007, Amr filed a Complaint (Docket No. 1) alleging race and national origin discrimination under 42 U.S.C. § 1981 and 42 U.S.C. § 1983. The named Defendants in the Complaint were VSU, Eddie Moore, Jr., Nasser Rashidi, Larry Brown and Keith Williamson. In February 2007, Amr filed an Amended Complaint (Docket No. 4) alleging race and national origin discrimination against VSU pursuant to 42 U.S.C. § 1981, and alleging race and national origin discrimination against all of the Defendants pursuant to 42 U.S.C. § 1983. On July 18, 2008, Amr filed a Second Amended Complaint (Docket No. 28) against VSU, Larry Brown, Nasser Rashidi and Keith Williamson alleging race, national origin, and religious discrimination, in violation of Title VII, 42 U.S.C. § 2002(e)(2), the Civil Rights Act of 1964, and 42 U.S.C. § 1981. Amr also alleged a violation of his due process rights under the Fourteenth Amendment and violations of his liberty interests, good name, and professional reputation under 42 U.S.C. § 1983.

The Defendants filed a Motion for Summary Judgment (Docket No. 36) on August 20, 2008. The Court referred the

2

motion to Magistrate Judge Lauck for a Report and
Recommendation. On December 3, 2008, Judge Lauck issued a
Report and Recommendation on the Motion for Summary
Judgment. On December 11, 2008, the motion was referred
back to Judge Lauck for a supplemental Report and
Recommendation in response to certain additional filings
made by Amr. Judge Lauck's Revised Report and
Recommendation was issued on December 23, 2008. Amr, then
proceeding without counsel, objected to the Revised Report
and Recommendation, and he attached 31 pages of additional
information to his objection.

On January 14, 2009, the Court entered an Order
(Docket No. 59) adopting the Revised Report and
Recommendation and overruling Amr's Objections. The record
was closed on January 14, 2009, and Amr filed a Notice of
Appeal on February 12, 2009. On February 17, 2009, the
record was forwarded to the United States Court of Appeals
for the Fourth Circuit.

On March 6, 2009, Amr filed the "Motion to Update and
Set the Record Straight" (Docket No. 62), which is now
before the Court for decision. In this motion, Amr seeks
to "supplement" the record which was before this Court on
summary judgment in order to "present numerous undisputed
facts before the United States Court of Appeals for the

3

Fourth Circuit." Pltf's Mot. at 1. This requested supplementation would include: (1) the transcript of certain depositions which were never ordered or made a part of the record before this Court; and (2) a "copy of the alleged plagiarized paper that the Defendants used to convict [Amr] of such a serious charge of plagiarism." Id. at 2. This motion has been fully briefed by the parties and it is now ripe for decision.

DISCUSSION

I.  **The Applicable Legal Standard For Supplementation Of The Trial Record On Appeal[1]**

Fed. R. App. P. 10(e) allows a district court to supplement the record that was previously before it. Under the Rule, a district court may modify or supplement the record on appeal: (1) "if any difference arises as to what actually occurred before it;" or (2) "if anything material to either party is omitted from the record by error or accident." Id.; accord Himler v. Comprehensive Care Corp., 790 F. Supp. 114, 115 (E.D. Va. 1992). The record on appeal consists of "the original papers and exhibits filed in the district court, the transcript of proceedings, if

---

[1] Amr moved to supplement the record on appeal under Fed. R. Civ. P. 15(a)(2). Id. at 1. Rule 15(a)(2) addresses only "amendments before trial." Id. Hence, Rule 15(a)(2) is plainly inapplicable in this case. As the Defendants note, however, such a request for supplementation can properly be made under Fed. R. App. P. 10(e).

any, and a certified copy of the docket entries prepared by the clerk of the district court."[2]   Fed. R. App. P. 10(a).

It is settled that "the purpose of Rule 10(e) is not to allow a district court to add to the record matters that did not occur there in the course of the proceedings leading to the judgment under review."   Id.; accord Rutecki v. CSX Hotels, Inc., 2007 U.S. Dist. LEXIS 44954, at *14 (S.D. W. Va. June 20, 2007).   It is elemental that a district court should properly refuse to supplement the record on appeal with discovery documents that were "not filed . . . or brought to the attention of the district court, as it considered the various papers in evaluating the motion for summary judgment."   Rohrbough v. Wyeth Labs., Inc., 916 F.2d 970, 973-74, n.8 (4th Cir. 1990); Wheeler v. Anchor Continental, Inc., 1979 U.S. Dist. LEXIS 8438 (D.S.C. 1979)   ("Rule 10(e) provides no basis for augmenting the record to include evidence which was never before the district court.").

However, it should be noted that a number of courts outside of the Fourth Circuit have held that there are certain situations in which a district court may supplement

---

[2] The Defendants also cite Local Appellate Rule 10(e), which counsels that "disputes concerning the composition of the record on appeal should be resolved in the district court in the first instance." CareFirst of Md., Inc. v. First Care, P.C., 422 F. Supp. 2d 592, 595 (E.D. Va. 2006).   Therefore, this Court is the proper forum to entertain Amr's motion.

the record with material that was not previously before it. This issue has been previously addressed in the Eastern District of Virginia in a case where the plaintiffs relied on "a vein of precedent" outside of the Fourth Circuit which permitted "appellate courts to consider matters not included in the appellate record 'in the interests of justice.'" Freedman, Levy, Kroll & Simmons v. Mendelson, 197 F.R.D. 276, 279 (E.D. Va. 2000). In Mendelson, the court noted the "four general circumstances in which federal appellate courts [could] consider matters beyond the record on appeal as a matter of inherent discretion." Id. The four circumstances were: (1) "an appellate court ruling sua sponte on question of law neither argued before the trial court nor expressly raised on appeal;" (2) "an appellate court reviewing probable cause and other procedural matters . . . [in] considering evidence presented in pretrial proceedings but not properly brought before the trial court or included in the appellate record;" (3) "an appellate court . . . exercising its inherent discretion in the interest of justice to consider evidence not considered by the trial court;" and (4) "an appellate court considering sua sponte mixed issues of law and fact not specifically raised in the district court." Id. at 279-80.

6

In <u>Mendelson</u>, however, the court ultimately held that the plaintiffs had "cited no instances in which a district court acting under Rule 10(e) supplemented a record already on appeal with documentary evidence not extant at the time of the court's ruling." <u>Id.</u> at 280. Consequently, the court denied the motion to supplement the record, observing that the plaintiffs "may benefit on appeal from the inherent discretion of the Fourth Circuit," but that district courts must decline "to exceed the scope of [Rule] 10(e)." <u>Id.</u>

At this date, the Fourth Circuit has yet to accept the invitation of its sister circuits to exercise its "inherent discretion" in this manner, and the subsequent decisions of the district courts in this Circuit have counseled similar restraint. <u>See</u> <u>Thomas v. Lodge No. 2461 of Dist. Lodge 74 of the Int'l Ass'n of Machinists And Aero. Workers</u>, 348 F. Supp. 2d 708, 711 (E.D. Va. 2004) ("[I]t is not appropriate for this Court to supplement the record here by adding the plea agreement."). This Court will exercise similar restraint in deciding Amr's motion, but that, of course, does not "foreclose consideration of the issue by the Court of Appeals." <u>Id.</u>

## II.  The Proposed Supplementation In This Case

As noted above, a district court may modify or supplement the record: (1) "if any difference arises as to what actually occurred before it;" or (2) "if anything material to either party is omitted from the record by error or accident."  Fed. R. App. P. 10(e).  Neither party in this matter has alleged any "difference" of opinion as to what transpired before this Court on summary judgment.  Hence, the only available grounds for supplementation would be Amr's omission of the proffered documents due to "error or accident."  See id.

The term "error or accident" in Rule 10(e) is "broadly interpreted to permit the record to be supplemented by any matter which is properly a part thereof.  Omissions from the record may result from the error or inadvertence of the parties, the court reporter, the district court clerk or the judge."  United States v. Barrow, 118 F.3d 482, 488 (6th Cir. Mich. 1997).  Nevertheless, courts have consistently held that a party's failure to proffer deposition transcripts that were in existence at the time of the challenged ruling does not constitute an actionable "error or accident" under Rule 10(e).  See, e.g., Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1165 (3rd Cir. 1986) (holding that the court is not authorized under Rule 10(e)

8

"augment the record on appeal with deposition transcripts that were not on the record before it at the time its final decision was rendered."); accord Jones v. Jackson Nat'l Life Ins. Co., 819 F. Supp. 1385, 1387 (W.D. Mich. 1993).[3] The same logic applies to Amr's request to supplement the record with the "alleged plagiarized paper;" a document which was available to him at all relevant times during the proceedings before this Court.

## CONCLUSION

For the foregoing reasons, Amr's Motion to Update and Set the Record Straight (Docket No. 62) is denied.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.

_____ /s/      REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 4, 2009

_____

[3] Amr does state that "[m]y former counsel never informed me that I needed to pay another fee as well to order the transcript which I just did last month. I have been fooled, deceived and betrayed." Pltf's Mot. at 2. Although this statement could conceivably be viewed as a plea to supplement the record due to an "accident or error" under Rule 10(e), Amr has provided no evidence to substantiate this assertion. Moreover, at the time that this Court was considering Judge Lauck's Revised Report and Recommendation, Amr had elected to proceed pro se in this matter, and he thereby "volitionally assume[d] the risks and accepts the hazards which accompany self-representation." Asbury v. City of Roanoke, 2009 U.S. Dist. LEXIS 14699, at *22 (W.D. Va. Feb. 25, 2009) (citation omitted).